UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 3:24-cr-221-HES-MCR

NATHANIEL JAMES HOLMES
  a/k/a "asheNAZI_Covid_Connection"

## ORDER

On November 1, 2024, the United States and Nathaniel James Holmes jointly moved for an order committing Nathaniel James Holmes to the custody of the Attorney General and require him to submit to a competency evaluation pursuant to 18 U.S.C. § 4241.  Mr. Holmes also notified the Court of his intention to assert an insanity defense at the time of the alleged offenses and requested a sanity evaluation, to which the United States agreed. Section 4242 provides, "[T]he court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of [§] 4247(b) and (c)." 18 U.S.C. § 4242(a). "If the defendant provides notice under Rule 12.2(b) the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the Court." Fed. R. Crim. P. 12.2(c)(1)(B).

Section 4241(a) provides, "At any time after the commencement of a prosecution for an offense and [before] the sentencing . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental

competency of the defendant." Id. § 4241(a). "The court shall grant the motion . . . if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Id. Before the hearing, "the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to . . . [§] 4247(b) and (c)." Id. § 4241(b).

> Section 4247(b) provides:
>
> A psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner. Each examiner shall be designated by the court … For the purposes of an examination pursuant to an order under section 4241 …, the court may commit the person to be examined for a reasonable period, but not to exceed thirty days, and under section 4242 …, for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility. Unless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court. The director of the facility may apply for a reasonable extension, but not to exceed fifteen days under section 4241 …, and not to exceed thirty days under section 4242 …, upon a showing of good cause that the additional time is necessary to observe and evaluate the defendant.

Id. § 4247(b).

> Section 4247(c) provides:
>
> A psychiatric or psychological report … shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include--

2

(1)     the person's history and present symptoms;

(2)     a description of the psychiatric, psychological, and medical tests that were employed and their results;

(3)     the examiner's findings; and

(4)     the examiner's opinions as to diagnosis, prognosis, and--

(A)     if the examination is ordered under [§] 4241, whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

(B)     if the examination is ordered under [§] 4242, whether the person was insane at the time of the offense charged[.]

Id. § 4247(c).

Based on Mr. Holmes's behavior during his Initial Appearance on November 1, 2024, the Court finds reasonable cause to believe that Mr. Holmes may be presently suffering from a mental disease or defect rendering him mentally incompetent. See 18 U.S.C. § 4241(a). The Court therefore must order an examination. See Fed. R. Crim. P. 12.2(c)(1)(B); 18 U.S.C. § 4242(a). Based on the representations at the Initial Appearance, the Court finds that simultaneous commitment for both examinations is warranted. Thus, the Court grants the ore tenus motions, and commits Mr. Holmes to the custody of the Attorney General for placement in a suitable facility for a reasonable period, but not to exceed forty-five days, for a psychiatric or psychological examination to determine if he is competent to stand trial, see 18 U.S.C. §§ 4241(a), 4247(b), and whether he was sane at the time of the alleged offenses on October 9, 10, 11, and 16, 2024. See 18 U.S.C. § 4242(a).

The examiner or examiners must issue two reports: one on insanity and one on competency. Unless impracticable, the examinations must be conducted in the suitable facility closest to this Court. See 18 U.S.C. § 4247(b). A licensed or certified psychiatrist or psychologist must conduct the examination. Id. More than one examiner may be used. The facility director may apply to the Court for a reasonable extension of time, but not to exceed thirty days, upon a showing of good cause that additional time is necessary to observe and evaluate Mr. Holmes. Id.

On competency, the examiner must assess Mr. Holmes's ability to understand the nature and consequences of the proceedings against him and his ability to assist properly in his defense. See id. § 4247(c)(4)(A). Upon completion of the examination, the examiner must promptly prepare a written report including this information:

(1)     Mr. Holmes's history and present symptoms;

(2)     A description of the psychiatric, psychological, and medical tests the examiner employed and their results;

(3)     The examiner's findings;

(4)     The examiner's diagnosis and prognosis; and

(5)     The examiner's opinion on whether Mr. Holmes is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him (whether he has rational and factual understandings of the proceedings against him) or to assist properly in his defense (whether he has present sufficient ability to consult with his counsel with a reasonable degree of rational understanding).

See 18 U.S.C. 4247(c); Dusky v. United States, 362 U.S. 402, 402 (1960) (discussing the standard for competency).

On insanity, the examiner must assess whether Mr. Holmes was insane at the time of the alleged offenses and whether he was suffering from some mental disease or defect that may bear on the issue of his guilt at the time of the alleged offenses. See 18 U.S.C. § 4247(c)(4)(B); Fed. R. Crim. P. 12.2(b), (c)(1)(B). Upon completion of the examination, the examiner must promptly prepare a written report including this information:

(1)    Mr. Holmes's history and present symptoms;

(2)    A description of the psychiatric, psychological, and medical tests the examiner employed and their results;

(3)    The examiner's findings;

(4)    The examiner's diagnosis and prognosis; and

(5)    The examiner's opinion on whether Mr. Holmes was insane at the time of the alleged offenses and whether he was suffering from some mental disease or defect that may bear on the issue of guilt at the time of the alleged offenses.

See 18 U.S.C. § 4247(c); Fed. R. Crim. P. 12.2(b), (c)(1)(B).

The examiner must send the reports to:

The Honorable Monte C. Richardson United States Magistrate Judge
Bryan Simpson United States Courthouse, 300 North Hogan Street
Jacksonville, Florida 32202

Michael Coolican & Kelly Milliron, Assistant United States Attorneys
United States Attorney's Office, 300 North Hogan Street, Suite 700
Jacksonville, Florida 32202

Kathryn Sheldon, Assistant Federal Defender
Office of the Federal Defender, 200 West Forsyth Street, Suite 1240
Jacksonville, Florida 32202

Upon receiving the reports, the Court will expeditiously schedule a competency hearing.

Ordered in Jacksonville, Florida, on November 5, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Assistant United States Attorneys (Coolican & Milliron)
Assistant Federal Defender (Kathryn Sheldon)
United States Marshals Service (4 Certified)
Defendant Nathaniel James Holmes