UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO. 3:24-cr-221-HES-MCR

NATHANIEL JAMES HOLMES

## ORDER

Under Federal Rule of Criminal Procedure 12.2, the defendant, Nathaniel James Holmes, has notified the Court of his intention to assert an insanity defense at trial. *See* Doc. 46. In response, the United States has moved for an order committing the defendant to a suitable facility for the purpose of conducting a psychiatric or psychological examination to determine whether the defendant was insane at the time of the charged offenses. *See* Doc. 47.

If a "defendant provides notice [of an intent to advance an insanity defense], the court must, upon the government's motion, order the defendant to be examined under 18 U.S.C. § 4242." Fed. R. Crim. P. 12.2(c)(1)(B). Similarly, section 4242 provides:

> Upon the filing of a notice, as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, that the defendant intends to rely on the defense of insanity, the court, upon motion of the attorney for the Government, shall order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c).

18 U.S.C. § 4242(a).

Section 4247(b) specifies how such an examination is to be conducted. Among other things, it provides that "the court may commit the person to be examined . . . for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4247(b). Section 4247(c) governs the preparation of related reports and provides:

> A psychiatric or psychological report ... shall be prepared by the examiner designated to conduct the psychiatric or psychological examination, [and ]shall be filed with the court with copies provided to the counsel for the person examined and to the attorney for the Government, and shall include--
>
> (1)  the person's history and present symptoms;
>
> (2)  a description of the psychiatric, psychological, and medical tests that were employed and their results;
>
> (3)  the examiner's findings; and
>
> (4)  the examiner's opinions as to diagnosis, prognosis, and--
>
> (B)  if the examination is ordered under section 4242, whether the person was insane at the time of the offense charged[.]

18 U.S.C. § 4247(c).

The defendant in this case has notified the Court of his intention to assert an insanity defense at trial, and therefore, the United States' motion is due to be granted. *See* 18 U.S.C. § 4242; Fed. R. Crim. P. 12.2(c)(1)(B). Accordingly, the Court commits the defendant to the custody of the Attorney

General for placement in a suitable facility for a reasonable period, but not to exceed 45 days, for a psychiatric or psychological examination to determine whether he was insane at the time of the alleged offenses on October 9, 10, 11, and 16, 2024.  *See* 18 U.S.C. §§ 4242(a) & 4247(b).

Unless impracticable, the examination must be conducted in the suitable facility closest to this Court. *See* 18 U.S.C. § 4247(b). A licensed or certified psychiatrist or psychologist must conduct the examination.  *Id.* More than one examiner may be used.  The facility director may apply to the Court for a reasonable extension of time, but not to exceed 30 days, upon a showing of good cause that additional time is necessary to observe and evaluate the defendant.  *Id.*

The examiner must assess whether the defendant was insane at the time of the alleged offenses. *See* 18 U.S.C. § 4247(c)(4)(B); Fed. R. Crim. P. 12.2(b), (c)(1)(B). Upon completion of the examination, the examiner must promptly prepare a written report including this information:

(1)   The defendant's history and present symptoms;

(2)   A description of the psychiatric, psychological, and medical tests the examiner employed and their results;

(3)   The examiner's findings;

(4)   The examiner's opinions as to diagnosis and prognosis; and

(5)   The examiner's opinion on whether the defendant was insane at the time of the alleged offenses.

*See* 18 U.S.C. § 4247(c); Fed. R. Crim. P. 12.2(b), (c)(1)(B). The examiner must send the report to:

> The Honorable Monte C. Richardson United States Magistrate Judge
> Bryan Simpson United States Courthouse, 300 North Hogan Street
> Jacksonville, Florida 32202
>
> Michael Coolican & Kelly Milliron, Assistant United States Attorneys
> United States Attorney's Office, 300 North Hogan Street, Suite 700
> Jacksonville, Florida 32202
>
> Kathryn Sheldon, Assistant Federal Defender
> Office of the Federal Defender, 200 West Forsyth Street, Suite 1240
> Jacksonville, Florida 32202

After an institution has been designated for the purposes of this commitment, the United States Marshal is directed to transport Defendant to that institution without undue delay and by the most expeditious and direct means available.

Finally, the Court will set a status hearing immediately upon receipt of the report of the examiner(s) submitted pursuant to this Order. The defendant shall therefore remain at the designated facility pending the status hearing, at which time the Court will determine the appropriate manner in which to proceed.

Ordered in Jacksonville, Florida, on June 17, 2025.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

4

Copies to:
Assistant United States Attorneys (Coolican & Milliron)
Assistant Federal Defender (Kathryn Sheldon)
United States Marshals Service (4 Certified)
Defendant Nathaniel James Holmes