UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:24-cr-221-BJD-MCR

NATHANIEL JAMES HOLMES

### UNITED STATES' MOTION TO CONTINUE DANGEROUSNESS HEARING AND SUPPORTING MEMORANDUM OF LAW

After finding defendant Nathaniel Holmes not guilty by reason of insanity, the Court (i) committed him into custody for a reasonable period (not to exceed 45 days) for a psychiatric or psychological examination to determine whether his mental illness renders him a danger to others; and (ii) set a hearing for November 19, 2025, to determine whether the defendant is, in fact, a danger.  *See* Dkt. 62-63 (judgment of acquittal, order of examination, and order setting hearing).  It is now clear that the court-ordered examination will not be completed before the scheduled hearing. According, the United States moves to continue the hearing for two months.

### MEMORANDUM OF LAW

Under Federal Rule of Civil Procedure 6(b)(1)(A)[1] and Local Rule 3.08(a), the Court may extend deadlines and continue hearings for good cause.  There is good cause to continue the hearing in this case.  Following an acquittal by reason of insanity, the law mandates that the defendant be examined (and an associated report

---

[1] Proceedings under 18 U.S.C. § 4243 are civil, not criminal, proceedings.  *See United States v. Wattleton*, 296 F.3d 1184, 1197 (11th Cir. 2002)

be prepared and filed with the court) to determine "whether [he] is suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another...." 18 U.S.C. §§ 4243(b), 4247(b)-(c). The length of the examination is set by statute – "a reasonable period, but not to exceed forty-five days...." 18 U.S.C. §§ 4247(b). Also, per statute, the examination period can be extended an additional 30 days for good cause. *Id.* The completion of the examination and filing of the associated report must occur "*[p]rior to the date of [a] hearing*" at which the defendant has the opportunity to prove that he is not a danger to others. 18 U.S.C. § 4243(b)-(d) (emphasis added).

In tension with the necessity of the psychiatric or psychological examination is a requirement that the follow-on dangerousness hearing "take place not later than forty days" after a finding of not guilty by reason of insanity. 18 U.S.C. § 4243(c). Courts have recognized, however, that this 40-day deadline can be extended. *See, e.g.*, *United States v. Conrad*, 776 F.3d 253, 260-61 (4th Cir. 2015) (concluding a potential 12-year delay in holding the dangerousness hearing would be reasonable to give the defendant time to serve a sentence in a separate case); *United States v. Bohe*, No. C1-04-66, 2005 WL 1026701, at *2 (D.N.D. Apr. 28, 2005) (denying defendant's motion for release and "continuing the [dangerousness] hearing until such time as the appropriate psychiatric or psychological examination is completed").

In this case, the examination of the defendant has begun, but will not be complete before November 19, the current date of the dangerousness hearing. The

acting warden of Federal Medical Center Butner notified the Court by letter that the defendant was admitted to that facility on October 30, 2025, and therefore, the examination period will expire on December 13, 2025 (*i.e.* not more than 45 days later). *See* Ex. A (letter dated October 30, 2025). The warden also projected that the mandated report of the examination would be completed 14 working days later. *Id.*

Under such circumstances, to ensure the Court, the defendant, and the United States have access to the results of the examination, a continuance of the dangerousness hearing is necessary. The purpose of the hearing is to give the defendant an opportunity to prove his "release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d). Having an expert report addressing that very question obviously would be useful to all concerned. *See Bohe*, 2005 WL 1026701, at *2 (waiting until the examination was complete before holding the dangerousness because "[t]he information generated by the examination will be crucial to determining whether [the defendant] may be released from custody").

It would make little sense to convene the dangerousness hearing without having the results of the examination on hand. Proceeding in that manner would undermine the twin statutory requirements that the defendant be examined and a report of that examination be filed with the Court. *See* 18 U.S.C. § 4243(b).

For these reasons, the Court should continue the dangerousness hearing until after the Butner Medical Center files its report of the defendant's examination (in approximately two months).

### Local Rule 3.01(g) Certificate

The prosecution team has conferred via email with defense counsel about this motion. Defense counsel opposes this motion because she has not had an opportunity to confer with the defendant about it and knows that the defendant wants to be released as soon as possible.

WHEREFORE, the United States respectfully requests that this Court continue the dangerousness hearing (presently set for November 19, 2025) for a period of two months to ensure the court-ordered examination of the defendant is completed and the associated report is filed with the Court.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By:  /s/ *Michael J. Coolican*
MICHAEL J. COOLICAN
Assistant United States Attorney
USA No. 156

KELLY S. MILLIRON
Florida Bar No. 1018917
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Tele:  904-301-6300
E-mail:  michael.coolican@usdoj.gov
kelly.milliron@usdoj.gov

4