UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**UNITED STATES OF AMERICA**

v.                                                      Case No. 3:24-cr-221-BJD-MCR

**NATHANIEL HOLMES**
_____

### DEFENDANT'S RESPONSE TO GOVERNMENT'S REQUEST FOR A CONTINUANCE OF DANGEROUSNESS HEARING

The Defendant, **Nathaniel Holmes**, by and through his undersigned attorney, files this response to the Government's request to continue his dangerousness hearing and states the following:

1. Mr. Holmes was arrested on November 1, 2024, pursuant to a four count Indictment alleging he made online threats against public officials.

2. During the initial appearance, both the Government at Defense moved the Court for an order committing Mr. Holmes to the custody of the Attorney General for a competency evaluation and determination of his sanity at the time of the offense pursuant to 18 U.S.C. § 4241 because Mr. Holmes was clearly suffering from mental illness. (Doc 11).

1

3. Mr. Holmes was committed to the Bureau of Prisons on November 5, 2024. (Doc. 17).

4. On February 11, 2025, the Court heard testimony from Dr. Biber regarding Mr. Holmes' competency. Dr. Biber did not perform the ordered sanity evaluation during Mr. Holmes' time at the B.O.P. because she was concerned, he may still be incompetent. Mr. Holmes was determined to be incompetent to proceed by this honorable Court based on the testimony of Dr. Biber, and he was ordered to be committed to the Attorney General for restoration. The Court also ordered an additional competency hearing be performed locally by Dr. Alan Harris because the Defendant showed significantly improved competency since his departure from B.O.P. (Doc. 21, Doc. 25).

5. On April 2, 2025, an Order was entered, which stayed Mr. Holmes' commitment to the B.O.P. because Mr. Holmes appeared to be competent. (Doc. 32).

6. On April 8, 2025, a hearing was held in full regarding Mr. Holmes' competency.

7. On April 11, 2025, Judge Monte C. Richard entered an order finding Mr. Holmes competent to proceed. (Doc. 40).

8. On June 9th, 2025, Dr. Harris opined in a written report that Mr. Holmes was not Guilty by Reason of Insanity for the alleged offenses.

9. On June 9th, 2025, Counsel provided written notice to the Government pursuant to Federal Rule of Criminal Procedure 12.2 (a) (b) that Mr. Holmes intended to proceed with a defense of not guilty by reason of insanity with reliance on Doctor Harris' report. (Doc. 46)

10. The Government demanded a secondary evaluation of Mr. Holmes' sanity at the time of offense, and on June 17, 2025, Mr. Holmes was ordered back to the Bureau of Prisons for an additional sanity evaluation. (Doc. 47 and 48).

11. On September 2, 2025, Dr. Opesso a forensic psychologist with the Bureau of Prisons opined that Mr. Holmes was not guilty by reason of insanity due to symptoms related to Bipolar I Disorder. Dr. Opesso also opined that Mr. Holmes' "prognosis for ongoing symptom resolution and increased

functional ability is good", and that Mr. Holmes "symptoms of Bipolar I Disorder are in full remission."

12. After a stipulated facts bench trial October 10, 2025, Mr. Holmes was ordered Not Guilty by Reason of Insanity and ordered back to the Bureau of Prisons, for a third time, this time for a dangerousness assessment because 18 USC §§ 4243(b) and 4247 require it. (Doc. 62).

13. This court set a hearing within 45 days of November 19, 2025, pursuant to 18 § USC 4247 (b). (Doc. 63).

14. The Bureau of Prisons has notified all parties that it requests additional time to complete the report with a boilerplate citation for the need for additional time for "testing and treatment". (Doc. 64 Exhibit A).

15. Counsel believes that more information is needed about the additional "testing and treatment" required for Mr. Holmes. The B.O.P.'s own doctor, Dr. Opesso has opined Mr. Holmes to be in "full remission" since September 2, 2025. No additional psychiatric reports have been performed to indicate there is any reason to believe that Mr. Holmes is not

"in full remission". Counsel requests good cause to be shown and for statutory time periods to be continued.

16. Additionally, undersigned counsel has not been able to communicate with Mr. Holmes about the government's request for continuance but based on prior interactions knows Mr. Holmes' priority is getting home as soon as possible.

## MEMORANDUM OF LAW

18 USC §4247(b) provides that a person must be committed for a "reasonable period" but not to exceed 45 days after being found not guilty by reason of insanity pursuant to 18 USC § 4243(b). Mr. Holmes was found to be Not Guilty by Reason of Insanity on October 10, 2025, and was committed to the Attorney General on that date. 18 USC § 4247 (b) provides that the director of the facility may apply for a reasonable extension not to exceed 30 days of the upon a showing of "good cause that additional time is necessary to observe and evaluate the defendant". Even if this court, were to find an additional 30 days warranted for "good cause" that would provide for a date of December 23, 2025. The Bureau

of prisons is requesting an additional "14 working days" to complete the report.

Mr. Holmes has no prior felony convictions. He is a fully disabled former Navy Seal. He has been deprived of his liberty for over a year because of symptoms from his mental illness. Despite being competent since April and in remission since September, he has been denied bail for the entirety of his case. Mr. Holmes has been solely in the U.S. Marshal's custody since his arrest on November 1, 2024.

Mr. Holmes does not consent to a continuance of his case because he does not believe there is good cause to believe he is dangerous. There has been no evidence presented that Mr. Holmes is not "in full remission" of the symptoms of Bipolar I Disorder. Mr. Holmes requests the government provide evidence or testimony to provide good cause for his additional detention. In seeking to continue Mr. Holmes' dangerousness hearing for an additional two months, the Government is asking this court to find that statutory time periods in 18 U.S.C. §4247 (b) are simply not applicable to Mr. Holmes.

**WHEREFORE**, Counsel requests that this Court conduct a hearing with virtual testimony from the B.O.P. and with Mr. Holmes presence on November 19, 2025, about the status of Mr. Holmes' testing

and treatment and to determine if there is good cause to continue the statutory time periods in 18 U.S.C. § 4247 (b).

Dated: November 12, 2025

**CHARLES L. PRITCHARD, JR.**
**FEDERAL PUBLIC DEFENDER**
**MDFL**

*/s/ Kathryn Sheldon*
Kathryn Sheldon
Assistant Federal Defender
Fla Bar Number 1019538
200 West Forsyth Street
Suite 1240
Jacksonville FL 32202
Telephone: 904-232-3039
Facsimile: 904-232-1937
Kathryn_sheldon@fd.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that undersigned electronically filed the foregoing *Response* is filed with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, this the 12th day of November, 2025.

*/s/ Kathryn* **Sheldon**
Assistant Federal Defender