UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.  CASE NO. 3:24-cr-221-BJD-MCR

NATHANIEL JAMES HOLMES
_____/

**ORDER**

**THIS CAUSE** is before the Court on the Government's Motion to Continue Dangerousness Hearing (Doc. 64) and Defendant's Response in Opposition (Doc. 65). The Government filed a statement from the Bureau of Prisons that reports the Bureau is conducting interviews and psychological testing necessary to complete Defendant's psychological evaluation. (Doc. 64.1). The Bureau requests through December 13, 2025 to complete its evaluation and an additional 14 working days to produce its final report. Id.

Following a bench trial before the Court, the Court found Defendant not guilty by reason of insanity and ordered the required psychological examination necessary for the Court to conduct a hearing under 18 U.S.C. §§ 4243(c) and 4247(d). (Doc. 62). That hearing is set for November 19, 2025. However, with the Bureau's suggested timeline, the Report necessary for the Hearing will not be available until sometime around December 27, 2025. This timeline is not workable.

18 U.S.C. § 4243 **requires** a hearing to be conducted regarding a defendant's dangerousness and fitness for release within 40 days of a finding of not guilty by reason of insanity. That date falls on November 19, 2025. Extensions to the hearing are permissible upon a showing of good cause but are limited to 30 days. 18 U.S.C. § 4247(b). The Bureau's request exceeds the permissible statutory limits. Equally important, the Bureau fails to state why it needs additional time to conduct the necessary interviews and psychological testing. The Bureau shall note that Defendant is not a convict; he is not a prisoner. As such, his constitutional liberties are postured differently than an individual incarcerated for the commission of a crime. The statutes bind this Court, as does the Constitution, in a manner that does not allow it to grant extensions with the same latitude that it might otherwise be inclined to grant.

The Court will require a representative from the U.S. Marshal, the Government, and Defendant's counsel to appear at the currently scheduled hearing on November 19, 2025 to discuss the status of the psychological examination. The parties shall also be prepared to discuss the soonest the final report can be filed; the dangerousness hearing can be conducted; and the impact of the time constraints imposed by 18 U.S.C. §§ 4243(c) and 4247(d). Defendant and the Bureau shall appear at the hearing, but may do so remotely by video. Accordingly, it is

**ORDERED:**

The evidentiary hearing scheduled for November 19, 2025 is converted to a status conference that shall be attended by Defendant, his counsel, the Government, and a representative for the U.S. Marshal and Bureau of Prisons to discuss the status of Defendant's psychological examination and its impact on the hearing mandated by 18 U.S.C. §§ 4243(c) and 4247(d). Defendant's appearance and the Bureau's appearance may be made via video conferencing technology.

**DONE** and **ORDERED** in Jacksonville, Florida this __17th__ day of November, 2025.

BRIAN J. DAVIS
United States District Judge

Copies furnished to:

Counsel of Record
U.S. Marshals Service
Bureau of Prisons
Defendant
s1burroughs@bop.gov