UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:24-cr-221-BJD-MCR

NATHANIEL JAMES HOLMES
_____/

**AMENDED
ORDER REGARDING FINDING OF DANGEROUSNESS AND
CONDITIONAL RELEASE**

**THIS CASE** came before the Court for an evidentiary hearing pursuant to 18 U.S.C. § 4243. At the hearing, counsel for Mr. Holmes argued that this Court should find that the release of Mr. Holmes would not create a substantial risk of bodily injury to another or serious damage or property to another due to Mr. Holmes' present mental disease. The Court received a report from Dr. Brianna Grover, Psy.D., regarding this determination pursuant to 18 U.S.C. § 4243(d). The Court also heard argument about whether any conditions exist that would provide for Mr. Holmes' release and would not create a substantial risk of bodily injury to another or serious damage of property to another pursuant to 18 U.S.C. § 4243(e). After hearing testimony and discussion with the United States and Mr. Holmes' attorney, and for good cause shown, it is hereby

**FOUND:**

1.  Nathaniel Holmes currently suffers from a mental disease or defect as a result of which his release, without conditions, would create a substantial risk of bodily

injury to another person or serious damage to property of another pursuant to 18 U.S.C. §§ 4243 and 4247.

2. Notwithstanding the aforementioned findings, the Court finds that the Order of Conditional Release below provides a suitable regimen of medical, psychiatric, and psychological treatment such that Mr. Holmes' conditional release under the prescribed regimen of medical, psychiatric, and psychological care and treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another.

Accordingly, it is

**ORDERED** pursuant to the provisions of 18 U.S.C. § 4243(f) that Mr. Holmes shall be conditionally released under the following specific conditions of regimen of care:

1. Mr. Holmes shall be under the supervision of the United States Probation Office (USPO) to ensure compliance with the conditions included in this Order.

2. Mr. Holmes shall reside at the following address upon release: 1257 Soaring Flight Way, Jacksonville, Florida 32225 (residence). For the safety of the USPO, Mr. Holmes' residence must be free of actual or imitation firearms, destructive devices, or other deadly weapons. Mr. Holmes shall reside in the Middle District of Florida and if he plans to change where he lives, then he must notify USPO at least ten days before doing so.

3. Mr. Holmes shall permit a U.S. Probation Officer to visit him any time at his residence or elsewhere, and permit confiscation of any contraband observed in plain view.

4. Mr. Holmes shall not knowingly leave the Middle District of Florida without first getting permission from the USPO or the Court.

5. Mr. Holmes shall make contact with the Department of Veterans Affairs for the purpose of scheduling a mental health evaluation and treatment within five business days of his release. Further he shall be evaluated by New Life Counseling within five business days of his release and thereafter treated and periodically evaluated by a mental health treatment provider or providers, which shall be selected by the USPO. As part of his mental health treatment, Mr. Holmes shall follow all rules, regulations, and instructions of any treatment staff, attend all appointments, and comply with the treatment regimen recommended by his treatment providers, including any treatment regimen that prohibits the use alcohol, illegal narcotic substances, or other drugs, including medical marijuana. Further, Mr. Holmes shall be required to contribute to the costs of services for such treatment. Mr. Holmes shall not change any of his mental health providers without advance approval from the USPO.

6. Mr. Holmes shall be administered a prescribed dose of injectable Abilify by the Bureau of Prisons before his release, and shall continue to take all mental health medications, to include administration by parenteral routes, currently prescribed or as prescribed by New Life Counsel, the Department of Veteran Affairs, or his USPO-

selected mental health treatment provider(s), and comply with any treatment regimen recommended by said treatment providers(s), until directed to cease such medication(s) by said treatment providers(s).

7. Mr. Holmes shall participate in a medication compliance program to ensure that he is compliant with the medication regimen prescribed by his treatment providers. This may include blood tests to show whether Mr. Holmes is following the prescription regimen. Further, Mr. Holmes shall be required to contribute to the costs of such testing.

8. The United States shall provide New Life Counseling, the Department of Veteran Affairs, and any mental health treatment provider selected by the USPO with Mr. Holmes' criminal arrest report, along with the reports of Dr. Brianna Grover, Psy.D., Dr. Matthew Opesso, Psy.D., M.Ed., Dr. Alan Harris, Ph.D., Dr. Lacie L. Biber, Psy.D., and Jessica Mattera, M.A.

9. Mr. Holmes shall voluntarily admit himself into a hospital for treatment upon the recommendation of his mental health treatment provider(s) or the USPO.

   a. If he refuses, involuntary state civil commitment procedures should be pursued. A local or state hospital should be utilized if possible.

   b. If local or state facilities are unable to ensure the safety of others, USPO shall contact the Court for further instructions regarding Mr. Holmes' possible return to federal custody (preferably FMC Butner, North Carolina).

10. Mr. Holmes shall sign all Release of Information documents that are required by any professional providing follow-up services and waive his rights to confidentiality regarding his mental health treatment to allow the sharing of information with his medical providers, the USPO, U.S. Bureau of Prisons, and the United States Attorney's Office. Mr. Holmes shall file a notice of waiver.

11. Mr. Holmes shall not directly or indirectly use any social media websites or applications. Mr. Holmes is permitted to passively consume online content in the form of videos and articles, but he shall not post comments in any public or private forum, message board, or chatroom. If Mr. Holmes is required to post in a forum for work or educational purposes, he will contact the probation department and explain the parameters of such requirement for their review and approval. Further, Mr. Holmes shall permit the USPO to conduct routine searches of his computer systems and cellular phones without a search warrant. When reasonable suspicion exists that Mr. Holmes has failed to make all computer systems and cellular phones available for searching or that he possesses actual or imitation firearms, destructive devices, or other deadly weapons in violation of this order, Mr. Holmes must submit to searches of areas that might reasonably contain evidence of such violations, including his person, property, residence, vehicle, and other electronic communications or data storage devices or media. He must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

12. It shall be the duty and responsibility of the USPO, New Life Counseling, and the Department of Veteran Affairs to notify and provide adequate documentation to the United States Attorney's Office and Mr. Holmes, upon learning of a violation of this Order or a request to modify or terminate the conditions of release.

13. A status hearing is hereby scheduled for **Tuesday, April 14, 2026, at 10:30 A.M.** in Jacksonville Courtroom 12C, Twelfth Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, FL to which Mr. Holmes is required to appear in person.

**DONE** and **ORDERED** in Jacksonville, Florida, this 10th day of March, 2026.

_____
BRIAN J. DAVIS
United States District Judge

Copies to:

Nathaniel Holmes
Counsel of Record
FMC Butner
U.S. Probation Office
United States Marshal Service